IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MAYO,<br>          Petitioner,<br><br>v.<br><br>MS. NANCY GIROUX,<br>THE DISTRICT ATTORNEY OF THE<br>COUNTY OF PHILADELPHIA, and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF PENNSYLVANIA,<br>          Respondents. | CIVIL ACTION<br><br><br><br>NO. 14-1144 |

**O R D E R**

**AND NOW**, this 22nd day of June, 2015, upon consideration of pro se petitioner William Mayo's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Document No. 1, filed February 25, 2014); Response to Petition for Writ of Habeas Corpus (Document No. 21, filed September 26, 2014); Petitioner's Reply to the District Attorney's Response to Petition for Writ of Habeas Corpus (Document No. 23, filed November 17, 2014); the record in this case; the Amended Report and Recommendation of United States Magistrate Judge Marilyn Heffley[1] (Document No. 26, filed January 2, 2015); and Petitioner's Objections to the United States Magistrate Judge Marilyn Heffley Amended Report and Recommendation (Document No. 29, filed January 20, 2015), **IT IS ORDERED** as follows:

    1.    The Amended Report and Recommendation of United States Magistrate Judge Marilyn Heffley dated January 2, 2015, is **APPROVED AND ADOPTED**;

    2.    Pro se petitioner's Objections to the Magistrate Judge's Amended Report and Recommendation are **OVERRULED**;

---

[1] Magistrate Judge Marilyn Heffley originally submitted to the Court a Report and Recommendation on December 31, 2014 (Document No. 24). The December 31, 2014, Report and Recommendation was amended on January 2, 2015, to fix typographical errors.

3. Pro se petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is **DENIED**;

4. A certificate of appealability **WILL NOT ISSUE** on the ground that reasonable jurists would not debate this Court's procedural rulings with respect to pro se petitioner's claims or whether he has stated a valid claim of the denial of a constitutional right. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Morris v. Horn, 187 F.3d 333, 340 (3d Cir. 1999); 28 U.S.C. § 2253(c); and

5. The Clerk of the Court shall mark this case **CLOSED**.

The decision of the Court is based on the following:

1. On August 18, 2004, pro se petitioner William Mayo ("petitioner") was convicted of first-degree murder, reckless endangerment, and violating the Uniform Firearms Act following a jury trial in the Court of Common Pleas of Philadelphia. He was thereafter sentenced, inter alia, to a term of life imprisonment.

2. After exhausting his remedies in state court, petitioner timely filed a pro se Petition for Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") on February 12, 2014.[2] In the Petition, petitioner raises the following claims and arguments: "(1) ineffective assistance of trial counsel regarding all aspects of his mental infirmity defense; (2) "[t]he PCRA court's conclusion that trial counsel had a reasonable strategic basis for not investigating the defense of diminished capacity in a timely manner is not supported by the record and is contrary to law"; (3) "[t]he PCRA court erred in several ways in finding

---

[2] "The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing." Pabon v. Mahanoy, 654 F.3d 385, 391 (3d Cir. 2011). Thus, the Court deems pro se petitioner's § 2254 Petition filed on February 12, 2014, the date on which he signed it. Butler v. Walsh, 846 F. Supp. 2d 324, 329 (E.D. Pa. 2012) (DuBois, J.); see Hodge v. Klopotoski, No. 08-455, 2009 WL 3572262, at *15 (W.D. Pa. Oct. 26, 2009) ("In the absence of contrary evidence, a court will typically assume that a prisoner presented his or her petition to prison authorities for filing on the same date that he or she signed it.").

2

that . . . trial counsel's failure to present [e]xpert testimony in support of his defense of diminished capacity did not prejudice him; and (4) "[t]he PCRA court erred by disregarding the contradiction that trial counsel rendered in his testimony at the evidentiary hearing." (R & R, at 8.)

3. By Order dated April 30, 2014, the Court referred the case to United States Magistrate Judge Marilyn Heffley. On January 2, 2015, Magistrate Judge Heffley submitted to the Court an Amended Report and Recommendation ("R & R"), recommending that petitioner's § 2254 Petition be denied on the merits.[3] Petitioner subsequently filed Objections to the R & R, which are presently before the Court. Petitioner's Objections to the R & R are overruled for the reasons set forth below.[4]

4. Petitioner first objects to Magistrate Judge Heffley's decision to construe the four separate claims raised in his § 2254 Petition as separate arguments within the context of one claim: that the state court unreasonably rejected his argument that his trial counsel, Daniel Conner, was ineffective in failing to investigate a diminished capacity defense, secure an expert, and timely file a notice of intent to pursue that defense. According to petitioner, construing his claims in such a way "appears [to be] nothing but an antic to undermine the validity" of his arguments. (Pet'r's Objs. 1.) The Court disagrees. The Magistrate Judge gave due consideration to all of petitioner's arguments, and regardless of whether those arguments are considered as part

---

[3] As stated above, Magistrate Judge Heffley's original Report and Recommendation was amended to correct typographical errors.

[4] At the outset, the Court notes that because petitioner's ineffective assistance of counsel claims were adjudicated on the merits by the state court, they are subject to "doubly deferential" review under Strickland v. Washington, 466 U.S. 668 (1984), and 28 U.S.C. § 2254(d). See Premo v. Moore, 562 U.S. 115, 122–23 (2011). Moreover, the Court's review of petitioner's claims is limited to the state court record. See 28 U.S.C. § 2254(d)(1); Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.").

of one claim or as four separate claims, the result is the same because, for the reasons stated in the R & R, none of petitioner's claims and arguments have merit.

5. Next, petitioner reasserts his argument that trial counsel was ineffective in failing to investigate the viability of a diminished capacity defense and in failing to give notice of his intent to pursue that defense until August 16, 2004, the day on which the Commonwealth commenced its case-in-chief.[5] Petitioner merely restates the arguments made and rejected by the Magistrate Judge, and they are rejected for the reasons stated in the R & R. As explained in the R & R, the state court determined that, "given the facts known to [trial counsel] at the relevant time, his [initial] decision to proceed with a voluntary intoxication defense and forgo investigating a diminished capacity defense was entirely reasonable." (R & R, at 17). The Court agrees with the Magistrate Judge that the state court's determination on this issue was neither contrary to, nor involved an unreasonable application of, clearly-established federal law governing ineffective assistance of counsel claims, nor was it based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d)(1)–(2).

6. Petitioner next objects to that part of the R & R in which Magistrate Judge Heffley rejected his argument that trial counsel gave inconsistent testimony at the evidentiary hearing held in state court concerning the reasons for his delayed pursuit of a diminished capacity defense. Trial counsel attributed the delay primarily to two factors: (1) petitioner's insistence upon pursuing an outright acquittal through a defense of mistaken identification; and (2) the fact that he had no reason to conclude that petitioner had any kind of real impairment that

---

[5] Although the trial court denied trial counsel's request as untimely, trial counsel pursued the defense of diminished capacity through the testimony of lay witnesses. (R & R, at 11.)

4

would implicate a diminished capacity defense[6] prior to receiving, just three days before trial, a report from Dr. Steven Samuel, Ph.D., in which Dr. Samuel diagnosed petitioner with mental retardation.[7] According to petitioner, trial counsel's reasons are "inherently contradictory" and should have been rejected by the state court. (Pet'r's Objs. 3.) Petitioner merely restates the arguments that were considered and rejected by the Magistrate Judge, and they are rejected for the reasons stated in the R & R. As explained in the R & R, trial counsel's testimony explaining the reasons for his delayed pursuit of a diminished capacity defense is not inconsistent, and "the state court's acceptance of [trial] counsel's testimony was entirely reasonable." (R & R, at 14 n.7.)

7. Next, petitioner reiterates his argument that trial counsel was ineffective in failing to present an expert witness in support of a voluntary intoxication defense,[8] a defense which trial counsel intended on pursuing from the outset of his representation of petitioner. Petitioner again

---

[6] Under Pennsylvania law, "when asserting a diminished capacity defense, 'a defendant attempts to negate the element of specific intent to kill and, if successful, first degree murder is reduced to third degree murder.'" Jacobs v. Horn, 395 F.3d 92, 102 (3d Cir. 2005) (citing Commonwealth v. McCullum, 738 A.2d 1007, 1009 (Pa. 1999)). A defense of "[d]iminished capacity is an extremely limited defense, which requires extensive psychiatric testimony establishing a defendant suffered from one or more mental disorders which prevented him from formulating the specific intent to kill." Id.

[7] In view of the fact that petitioner's case was originally a capital case, separate mitigation counsel, Barbara McDermott, was appointed approximately two months before trial to prepare for a possible death penalty phase. (R & R, at 2.) Upon being appointed as mitigation counsel, McDermott retained Dr. Steven Samuel, Ph.D., for purposes of evaluating petitioner's mental state. (Id.) Based upon Dr. Samuel's supplemental report — which was issued on August 10, 2004, just three days before petitioner's trial was scheduled to begin — McDermott filed a motion to bar the death penalty under Atkins v. Virginia, 536 U.S. 304 (2002). The trial judge held a hearing on August 12, 2004, and granted the Atkins motion on August 13, 2004, the day on which jury selection began. (Id.)

[8] Under Pennsylvania law, a voluntary intoxication defense, which is a "species of diminished capacity[,] . . . serves to negate the element of specific intent for first degree murder but does not exculpate a defendant from criminal liability entirely." Young v. Folino, No. 08-2164, 2009 WL 5178302, at *15 (E.D. Pa. Dec. 23, 2009).

5

restates arguments made and rejected by the Magistrate Judge, and they are rejected for the reasons stated in the R & R. As set forth in the R & R:

> The Commonwealth did not challenge the fact that [petitioner] was plainly intoxicated. Given the Commonwealth's agreement that [petitioner] was indeed intoxicated, it is incomprehensible that a jury would have reached a different conclusion had an expert testified since an expert could not, under any circumstances, testify to the ultimate fact of [petitioner's] having or not having the intent to kill[9] . . . That trial counsel could not defeat the overwhelming evidence of [petitioner's] guilt of first degree murder does not entitle [petitioner] to relief.

(R & R, at 18–19) (alterations in original) (citing February 5, 2008 PCRA Court Opinion, Document No. 21–2).

8. Finally, in his Objections, petitioner asserts a "last and final claim," in which he contends that trial counsel was ineffective in failing to timely file a brief in support of petitioner's direct appeal. (Pet'r's Objs. 5.) Petitioner states that he is "mentioning this fact to help prove how incompetent trial counsel was since he was first appointed."[10] (Id.) This claim was not raised in petitioner's § 2254 Petition, nor was it raised before the Magistrate Judge. Thus, to the extent that petitioner seeks to raise a new claim of ineffective assistance of counsel based on trial counsel's alleged failure to timely file an appellant brief, this claim is not properly before the Court. See Local Rule 72.1(IV)(c) ("All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not

---

[9] See Com. v. Legg, 711 A.2d 430, 433 (Pa. 1998) ("[P]sychiatric evidence that a defendant lacked the ability to control his actions or that he acted impulsively is irrelevant and inadmissible on the issue of the defendant's specific intent to kill.").

[10] To the extent that petitioner raises this claim in an attempt to bolster his ineffective assistance of counsel claims and arguments which are properly before the Court, it is unavailing. The alleged negligence of trial counsel in failing to timely file a brief in support of petitioner's direct appeal is unrelated to the claims and arguments raised in petitioner's § 2254 Petition, which concern alleged ineffective assistance of counsel in failing to investigate a diminished capacity defense, secure an expert, and timely file a notice of intent to pursue that defense at trial.

be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."); Clark v. Fisher, No. 10-204, 2011 WL 6000795, at *2 (W.D. Pa. Nov. 30, 2011) ("Claims raised for the first time in objections to a Report and Recommendation are not properly before the district court."). In any event, petitioner's claim fails because he provides no factual or legal support for his assertions. See, e.g., Simms v. Carroll, 432 F. Supp. 2d 443, 444 (D. Del. 2006) ("[B]ald assertions and conclusory allegations do not provide a court with sufficient information to permit a proper assessment of habeas claims, and a habeas court cannot speculate about claims.") (internal quotation marks omitted) (citing Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987)).

As such, petitioner's "last and final" claim does not alter the Court's view of the conclusions reached by Magistrate Judge Heffley in the R & R. Accordingly, the Court approves and adopts the R & R, overrules all of petitioner's Objections, and denies his § 2254 Petition.

**BY THE COURT:**

/s/ Hon. Jan E. DuBois
**DuBOIS, JAN E., J.**